UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN-DA JONES,

          Petitioner,

-against-

THOMAS LAVALLEY,

          Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2015

11 Civ. 6178 (AT)(AJP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

On August 24, 2011, Petitioner *pro se*, Shaun-Da Jones, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 11, 2012, the matter was referred to Magistrate Judge Andrew J. Peck. Before the Court is the Report and Recommendation ("R & R") of Judge Peck, which proposes that Petitioner's petition be denied. Petitioner filed objections to the R & R. For the reasons stated below, the Court ADOPTS the R & R in its entirety.

## DISCUSSION[1]

I.   Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Osborne v. Miller*, 557 F. Supp. 2d 435,

---

[1] The Court presumes familiarity with the facts, as detailed in the R & R, and, accordingly, does not summarize them here.

438-39 (S.D.N.Y. 2008) ("Reviewing courts should review a[n] [R & R] for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'") (citation omitted). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.     Petitioner's Objections

Petitioners' objections are largely identical to the arguments made before Judge Peck and, therefore, do not give rise to *de novo* review because they "simply reiterate[] [Petitioner's] original arguments." *Wallace*, 2014 WL 2854631, at *1. To find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted). Accordingly, the Court reviews for clear error.

A. Sufficiency of the Evidence

First, Petitioner repeats his argument that his conviction was not supported by the available evidence and that the prosecution failed to introduce DNA or fingerprint evidence. However, Judge Peck's review of the record noted that four eyewitnesses implicated Petitioner and that there was other corroborating evidence to support Petitioner's conviction. *See* R & R, at 33. Thus, a rational jury could have convicted Petitioner based on the evidence proffered, and the Court finds no clear error in Judge Pecks' determination regarding the sufficiency of the evidence.

B. Probable Cause for the Arrest

Next, Petitioner contends that although the officers lawfully pursued him, Petitioner's ensuing arrest was unlawful. However, Judge Peck determined that habeas review of Petitioner's Fourth Amendment claims is precluded and that Petitioner nonetheless had an opportunity to litigate his Fourth Amendment claim at the pretrial hearing and on appeal to the Appellate Division, First Department. R & R, at 41-42. Accordingly, the Court adopts Judge Peck's finding on this issue.

C. Ineffectiveness of Counsel

Finally, Petitioner claims that his counsel was ineffective for failing to request *Mapp* and *Dunaway* hearings related to his Fourth Amendment claims. However, Judge Peck found that Petitioner failed to establish a foundation for this motion and that the police had sufficient justification to pursue Petitioner, including, for example, hearing a loud crash, observing three men running down Fifth Avenue away from the sound, and recognizing the sound of gun shots. R & R, at 52. Judge Peck also noted that the trial court judge denied Petitioner's co-defendants' challenges to the police pursuit and that the outcome with respect to Petitioner would likely not have been different. Additionally, given the other evidence supporting Petitioner's conviction,

3

Petitioner was not prejudiced by his counsel's actions. In sum, the Court finds no clear error in Judge Peck's assessment of Petitioner's ineffective assistance of counsel claim.

## CONCLUSION

Accordingly, the Court ADOPTS the R & R in its entirety, and the petition is DENIED. The Clerk of Court is directed to mail a copy of this order and all unpublished decisions cited therein to Petitioner *pro se* and to close the case.

SO ORDERED.

Dated: March 30, 2015
New York, New York

_____
ANALISA TORRES
United States District Judge